IN THE UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LIJUNG EDWWARDS-YU, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>LOUIS DEJOY, Postmaster General of the United States Postal Service,<br><br>    Defendant. | Case No.:<br><br><br>COMPLAINT FOR DAMAGES AND DEMAND JURY DEMAND |

COMES NOW Plaintiff, Lijung Edwards-Yu ("Plaintiff"), by and through her attorney, and alleges as follows:

## I.   INTRODUCTION

1.1 Plaintiff alleges complaints against Defendant, Louis DeJoy ("Defendant"), in his official capacity as Postmaster General of the United States Postal Service, for discrimination, hostile work environment, retaliation, and constructive discharge pursuant to Title VII of the Civil Rights Act of 1964 and the American with Disabilities Act.

## II.   PARTIES

COMPLAINT FOR DAMAGES AND DEMAND JURY DEMAND - 1

Nolan Lim Law Firm, PS
1111 Third Ave, Suite 1850
Seattle, WA 98115
Office: (206) 774-8874

2.1 Plaintiff is an individual residing in Spanaway, Washington, who was employed by USPS.

2.2 At the time of her constructive discharge, Plaintiff was a supervisor at the USPS NDC Distribution Operations Facility in Federal Way, WA.

2.3 Defendant Louis DeJoy is the Postmaster General of USPS.

2.4 Defendant's jurisdiction is in Western Washington and the Defendant has availed itself of the benefits and protections of the laws of the State of Washington.

### III.   JURISDICTION AND VENUE

3.1 Jurisdiction and venue are proper as all alleged acts took place in the Western District of Washington.

### IV.   FACTS

**A. Plaintiff's Employment with USPS.**

4.1 Plaintiff is a 62-year-old female of Chinese national origin, Asian Ethnicity, and Asian Race.

4.2 Plaintiff has disclosed a mental health disability to the USPS and has even taken FMLA for a disability as recently as 2019.

4.3 From at least June 19, 2019, to Present Ms. Edwards has been subjected to a Hostile Work Environment based on the aforementioned protected classes because USPS staff including Romeo Fontanilla and Minhtrung Vo falsely accused Ms. Edwards-Yu of poor work performance, yelled at her, and retaliated against her while working at USPS NDC.

4.4 Mr. Vo and Mr. Fontanilla have been subjecting Ms. Edwards-Yu to a hostile work environment based on Race, Age, National Origin, and Disability. Some of the facts that lead Ms. Edwards-Yu to this conclusion are:

A. From Early 2019 to October of 2019, Mr. Vo and Mr. Fontanilla blamed Plaintiff for NDC work failure that are the responsibility of Non-Asian, Non-Chinese, and younger employees.

B. Thee false blaming of work failures included Mr. Fontanilla in April of 2019 yelling at Plaintiff for not doing her job, while not doing so for employees outside of Plaintiff's protected classes. Mr. Fontanilla would subject Plaintiff to harassing investigation regarding her work behavior despite Plaintiff having witnesses contradict his false accusation against Plaintiff.

C. Mr. Vo placing blamed for improper scheduling of employees and blamed Plaintiff for mail parcel processing on Ms. Edwards-Yu exclusively, rather than other supervisors who are not in Plaintiff's protected classes.

D. Mr. Vo unilaterally changed Ms. Edwards-Yu's days off in 2019. Upon information belief, Mr. Vo did not do so for other USPS employees.

E. Mr. Vo would blame Ms. Yu for mistakes that happened at the NDC without doing any investigation as to whether Plaintiff was the root cause of the mistakes.

F. Mr. Vo would ask Ms. Edwards-Yu "when are you going to retire?" during the first half of 2019. Mr. Vo told Plaintiff the job was going to "kill plaintiff" in 2019.

G. Mr. Vo stated to Plaintiff "You think I'm afraid of EEO? I'm not afraid!" during the later part of 2019.

H. Mr. Vo would treat Plaintiff with hostility for requesting and taking FMLA leave to accommodate her disabilities.

4.5 On June 19, 2019, Plaintiff received a Notice of Seven-day suspension from the USPS based on Mr. Vo and Mr. Fontanilla's false accusations of workplace deficiencies attributed to Plaintiff.

4.6 On August 11, 2019, Plaintiff received a second Notice of Seven Day suspension from the USPS based on false allegations of Failure to follow instructions and unsatisfactory work performance stemming from Mr. Vo.

4.7 On August 12, 2019, Plaintiff proceeded to file an Informal EEO complaint regarding the seven day suspension letter.

4.8 On or about September 19, 2019, Plaintiff went on FMLA leave due to a mental health disability caused by USPS employees Vo and Fontanilla.

4.9 On October 20, 2019, Plaintiff received a notice of proposed 14-day suspension based on Defendant's False allegations that Plaintiff failed to follow instructions and perform satisfactorily.

4.10 On October 31, 2019, Plaintiff received a letter sustaining her 7 days suspensions she received on June 19, 2019 and August 11, 2019 form USPS employee, Ken Messenger. Mr. Messenger has a history of another female employee making harassment complaint against himself. Upon information and belief, Mr. Messenger still received a promotion after this complaint was made.

4.11 On January 20, 2020, USPS Manager of Human Resources, James Davey, reduced Plaintiffs 7 day suspensions to a "Letter of Warning." Mr. Davey reduced the suspensions after Plaintiff submitted declarations from coworkers supporting her appeal.

COMPLAINT FOR DAMAGES AND DEMAND JURY DEMAND - 1

Nolan Lim Law Firm, PS
1111 Third Ave, Suite 1850
Seattle, WA 98115
Office: (206) 774-8874

4.12   USPSs disciplinary policy requires a "Progressive Discipline" process. The progressive discipline generally prohibits USPS management from skipping disciplinary steps which inherently would prohibit USPS managers from going from a (Letter of Warning) LOW to a Proposed 14 day suspension in Plaintiff's disciplinary record.

4.13   Despite USPS progressive discipline policy, USPS has taken no action during Plaintiff entire employment term, to remove Plaintiff letter in lieu of 14 day suspension.

4.14   Indeed, after January 20, 2020, USPS management employee, Ken Messenger, became aware that Plaintiff had appealed her 14 day suspension. Despite Ms. Edwards-Yu having her previous 7 day suspension reduced to a Letter of Warning ("LOW"), Mr. Messenger took no steps to reduce or remove Plaintiff's proposed 14 day suspension from her disciplinary record.

4.15   USPS failed to remove Plaintiff's 14 day suspension from her disciplinary record. The failure to remove the 14 day suspension created additional emotional distress for Plaintiff that required and still continues requires medical treatment.

4.16   On or about March 29, 2020, Plaintiff's FMLA expired with the USPS. Shortly after Plaintiff's leave expired, she requested a reasonable accommodation from USPS.

4.17   After March 29, 2020, Plaintiff requested reasonable accommodation from the USPS. Plaintiff requested that she be removed from the hostile work environment based on her protected classes that USPS was subjecting her to. The hostile work environment was causing Plaintiff's mental health disabilities to escalate.

4.18   USPS denied Plaintiff reasonable accommodation request on or about May 26, 2020.

COMPLAINT FOR DAMAGES AND DEMAND JURY DEMAND - 1

Nolan Lim Law Firm, PS
1111 Third Ave, Suite 1850
Seattle, WA 98115
Office: (206) 774-8874

4.19  On or about June 30, 2020, Plaintiff was forced to retire early from the USPS because the USPS did not remedy the hostile work environment based on her protected classes.

4.20  On or about September 23, 2020, Plaintiff filed a discrimination complaint with USPS EEO, alleging continued discriminatory harassment based on Race, Sex, and disability; failure to accommodate a disability; and constructive discharge based on hostile work environment that occurred on or about June 30, 2020.

4.21  On or about January 9, 2021, Plaintiff received a USPS final decision regarding her September 23, 2020, EEO discrimination complaint.

## V.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**5.1** Plaintiff incorporates and realleges paragraphs 1-4.21 as if fully set forth herein.

5.2 The facts above give rise to Plaintiff being discriminated against based on Race, National Origin, Disability, and Age.

5.3 Plaintiff has suffered both economic and non-economic loss due to Defendant's discriminatory behavior to be proven at trial.

### SECOND CAUSE OF ACTION

### (Hostile Work Environment under Title VII)

5.4 Plaintiff incorporates and realleges paragraphs 1-5.3 as if fully set forth herein.

**5.5**  The facts about subjected Plaintiff to a hostile work environment.

5.6 Plaintiff has suffered both economic and non-economic loss due to Defendant's discriminatory behavior to be proven at trial.

COMPLAINT FOR DAMAGES AND DEMAND JURY DEMAND - 1

Nolan Lim Law Firm, PS
1111 Third Ave, Suite 1850
Seattle, WA 98115
Office: (206) 774-8874

## THIRD CAUSE OF ACTION

**(Retaliation for Participating in Protected Activity under Title VII)**

**5.7** Plaintiff incorporates and realleges paragraphs 1-5.6

5.8 The facts above give rise to Plaintiff being retaliated against for her opposition to discriminatory practices. Specifically, Plaintiff made several complaints of discrimination, retaliation, and harassment during 2019 to the end of her employment term.

5.9 Rather than investigate her concerns and remediate a hostile work environment, USPS forced Plaintiff to quit.

5.10    Plaintiff has suffered both economic and non-economic loss due to Defendant's retaliatory behavior to be proven at trial.

## VI.    FOURTH CAUSE OF ACTION

5.10 Plaintiff incorporates and realleges paragraphs 1-5.10.

5.11 Defendant failed to accommodate Plaintiff's disabilities by denying her requests for accommodation as mentioned above.

5.12 Plaintiff has suffered both economic and non-economic loss due to Defendant's retaliatory behavior to be proven at trial.

**DAMAGES**

6.1  Defendant's violations of the law, described above and incorporated, proximately caused Plaintiff's damages, including but not limited to lost wages and benefits, and other economic losses, and emotional harm, including but not limited to the natural human emotions of distress, loss of enjoyment of life, humiliation, pain and suffering, personal

indignity, embarrassment, fear, anxiety, and anguish, experienced and with reasonable probability of experience in the future, and other general damages.

COMPLAINT FOR DAMAGES AND DEMAND JURY DEMAND - 1

Nolan Lim Law Firm, PS
1111 Third Ave, Suite 1850
Seattle, WA 98115
Office: (206) 774-8874

## VII. PRAYER FOR RELIEF

WHEREFORE: Plaintiff prays for relief as follows:

7.1 An order declaring Defendant discriminated against Plaintiff based on Age, Sex, Race, and National Origin;

7.2 Damages for back pay, front pay, lost benefits, and all other economic losses proximately caused by Defendant;

7.3 Damages for pain and suffering, mental anguish, emotional distress, and humiliation;

7.4 Prejudgment interest in an amount to be proved at trial;

7.5 Reasonable attorney's fees and costs; and

7.6 Whatever further and additional relief the court shall deem just and equitable.

7.7 An offset for the adverse tax consequences of the judgment.

7.8 The right to Amend the complaint to the proof offered at trial.

7.9 An order requiring the USPS to provide training and discipline for employees found to have participated in harassment, discrimination, and retaliation against Plaintiff.

Dated this February 8, 2021.

/s/Nolan Lim

Nolan Lim, WSBA #36830
Attorney for Plaintiff
1111 Third Avenue, Suite 1850
Seattle, WA 98101
Office: (206) 774-8874
nolanlim@nolanlimlaw.com

COMPLAINT FOR DAMAGES AND DEMAND JURY DEMAND - 1

Nolan Lim Law Firm, PS
1111 Third Ave, Suite 1850
Seattle, WA 98115
Office: (206) 774-8874