UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LIJUNG EDWARDS-YU,

               Plaintiff,

   v.

LOUIS DEJOY,

               Defendant.

Case No. C21-156-RSM-MLP

ORDER

## I. INTRODUCTION

This matter is before the Court on Plaintiff Lijung Edwards-Yu's Motion for Leave to File Under Seal ("Motion to Seal") (dkt. # 16) and Motion to Compel Production of Discipline Records and EEO Complaint Files Regarding Vo, Fontanilla, and Messenger ("Motion to Compel") (dkt. # 19). Defendant Louis DeJoy, Postmaster General of the United States Postal Service ("USPS"), filed a response in support of the Motion to Seal ("USPS Response" (dkt. # 21)), and an opposition to the Motion to Compel ("USPS Opp." (dkt. # 22)). Ms. Edwards-Yu

ORDER - 1

filed a reply in support of her Motion to Compel ("Reply").[1] (Dkt. # 24.) No party requested oral argument.

Having considered the parties' submissions, the balance of the record, and the governing law, the Court GRANTS the Motion to Seal (dkt. # 16) and the Motion to Compel (dkt. # 19).

## II. BACKGROUND

On February 8, 2021, Ms. Edwards-Yu initiated this action. (Compl. (dkt. # 1).) Based on events beginning in early 2019, she alleges claims against USPS for discrimination, hostile work environment, retaliation, and constructive discharge in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act. (Am. Compl. (dkt. # 3) at ¶¶ 1.1, 4-3-4.4.) On June 11, 2021, the Court entered the parties' stipulated protective order ("Protective Order"), designating confidential material and restricting its use. (Prot. Order (dkt. # 10).) The parties are currently engaged in discovery, which must be completed by June 10, 2022. (*See* dkt. # 12.)

Ms. Edwards-Yu initially filed a motion to compel (dkt. # 13) and a supporting declaration (dkt. # 14) on April 19, 2022, but the next day requested they be sealed and withdrew the motion (dkt. # 15). On April 21, 2022, Ms. Edwards-Yu filed the instant Motion to Seal, "requesting on Defendant's behalf" and "[p]ursuant to the Stipulated Protective Order" that the previously filed motion and declaration, as well as the contemporaneously filed Motion to Compel and supporting declaration ("Lim Declaration" (dkt. # 20)) remain sealed. (Mot. to Seal at 1.) The Motion to Compel seeks discipline records and complete Equal Employment Opportunity ("EEO") investigation files related to discrimination complaints against USPS employees Romeo Fontanilla, Minhtrung Vo, and Ken Messenger. (Mot. to Compel at 1-2.) The

---

[1] While Ms. Edwards-Yu also filed a reply regarding the Motion to Seal, it is an exact replica of the reply in support of her Motion to Compel with only the title changed and does not address the Motion to Seal. (*Compare* dkt. # 24 *with* dkt. # 25.)

ORDER - 2

1  Motion to Seal addresses whether to keep sealed the portions of EEO files that USPS provided to
2  Ms. Edwards-Yu in discovery and that she attached to the Lim Declaration and referred to in her
3  Motion to Compel. (Mot. to Seal at 2; *see* Lim Decl. at ¶¶ 8, 12-15, 17, Exs. D (dkt. # 20-1), E
4  (dkt. # 20-2), F (dkt. # 20-3), G (dkt. # 20-4), Ex. I (dkt. # 20-5).)

### III.   MOTION TO SEAL

Ms. Edwards-Yu contends that "the presumption of open filings and public records outweigh[s] the need to prohibit full disclosure of the documents in question." (Mot. to Seal at 3.) USPS contends the documents, which contain records relating to current and former employees who are alleged victims, witnesses, and/or perpetrators of discrimination, "should remain sealed because they could result in substantial harm, embarrassment, inconvenience, or unfairness to current and former Postal Service employees." (USPS Resp. at 3.) USPS also notes that the Privacy Act of 1974 requires it to protect its current and former employees' privacy, with specified exceptions. (*Id.* at 3-4.)

There is a strong presumption in favor of public access to judicial records and documents. As the Ninth Circuit explained in *Kamakana v. City & Cty. of Honolulu*, "judicial records are public documents almost by definition, and the public is entitled to access by default." 447 F.3d 1172, 1180 (9th Cir. 2006). This "federal common law right of access" to court documents generally extends to "all information filed with the court," and "creates a strong presumption in favor of access to judicial documents which can be overcome only by showing sufficiently important countervailing interests." *Phillips ex Rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (citations and quotation marks omitted). Court documents associated with non-dispositive motions may be sealed for "good cause," whereas documents associated with dispositive motions may be sealed only for "compelling reasons." *Kamakana*,

ORDER - 3

447 F.3d at 1180-81 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003)). Good cause is the appropriate standard here.

The information at issue is subject to the Protective Order, which provides that a "party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B)[.]" (Prot. Order at ¶ 4.3.) The rule requires specifying the reasons in support, including an explanation of the legitimate private or public interests, injury that will result without sealing, and why a less restrictive alternative is insufficient. LCR 5(g)(3)(B). USPS identifies the privacy interests of its current and former employees who are not parties to this action, which would be harmed by making the EEO file excerpts public. (USPS Resp. at 2-3.) Ms. Edwards-Yu has not identified any less restrictive alternative to sealing. Accordingly, the Court finds USPS has established good cause to maintain the records under seal.

In opposition to sealing, Ms. Edwards-Yu argues that courts "have ordered production of union grievances and EEO complaints when the USPS has previously tried to withhold these documents from production." (Mot. to Seal at 3.) Production in discovery is not the issue here, however. Two of the cases Ms. Edwards-Yu cites address discovery, not unsealing of records. *See Segarra v. Potter*, 2004 WL 3426438, at *3 (D.N.M. Apr. 5, 2004) (granting motion to compel portions of personnel file and EEO complaints regarding employee whose "conduct forms the basis of the lawsuit"); *Morrison v. City & Cty. of Denver*, 80 F.R.D. 289, 292 (D. Colo. 1978) (denying discovery pending protective order). The third case Ms. Edwards-Yu cites simply held that defendant's motion in limine to exclude potential witnesses' testimony was "premature" because the witnesses had not even been deposed yet, and their testimony "may" be admissible. *Bailey v. Formosa Plastics Corp., USA*, 1997 WL 417297, at *1 (E.D. La. July 23, 1997).

ORDER - 4

None of the cases Ms. Edwards-Yu cites undermine the Court's conclusion that USPS has shown good cause to seal the records. Accordingly, the Court GRANTS the Motion to Seal.

### IV. MOTION TO COMPEL

Ms. Edwards-Yu seeks responses to Requests for Production ("RFP") regarding "disciplinary documentation about her Supervisor, and complete previous [EEO] complaint files that concern Plaintiff's chain of command Vo, Fontanilla, and Messenger[.]" (Mot. to Compel at 1.) USPS contends it has produced the discipline records requested and "portions" of the EEO records requested and lodged legitimate objections to the remainder. (USPS Opp. at 1.) USPS argues the records may not be admissible, and the discovery requests are overly broad and disproportionate to the needs of the case.[2] (*Id.* at 8-9.)

#### A. Records Sought[3]

RFP 20 sought records "concerning any disciplinary action taken against[, including] any records of complaints made against[,] . . . Minhtrung Vo [or] Romeo Fontanilla[.]" ("RFP Responses" (Gugin Decl., Ex. A (dkt. 23-1)) at 20.) USPS stated it would provide performance evaluations for 2016 through 2020 "and any relevant, redacted documents related to complaints of discrimination . . . for the two years prior to Plaintiff's initial report of discrimination." (*Id.* at

---

[2] USPS's responses to Ms. Edwards-Yu's RFPs raised objections based on the Privacy Act. In its Motion to Seal response, however, USPS acknowledges that the Privacy Act permits disclosure "pursuant to a discovery request under its routine use regulations." (USPS Resp. at 3 (citing 5 U.S.C. § 552a(c)(3)).) In its opposition to the Motion to Compel, USPS does not offer any argument that the Privacy Act prohibits it from producing the records requested. (*See* USPS Opp. at 7-9.)

[3] In addition to the records sought, Ms. Edwards-Yu's Motion to Compel concludes with a request that the Court "order Defendant to make available Deposition time for Plaintiff to depose Vo, Fontanilla, and Messenger" and states "Plaintiff should have an opportunity to do its own investigation and reach out to [employees who filed complaints] as potential 'me too' witnesses[.]" (Mot. to Compel at 12.) Ms. Edwards-Yu provides no argument or authority to support these requests, however. A claim barely contended, unsupported by explanation or authority, may be deemed waived. *See Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 923-24 (9th Cir. 1996) (party who presents no explanation in support of claim of error waives issue); *see also Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003). The Court declines to address Ms. Edwards-Yu's unsupported requests.

21.) USPS objected to producing documents related to discipline or complaints that did "not relate to allegations of discrimination such as those made by Plaintiff." (*Id.* at 20-21.)

RFP 11 sought records of "any complaints, formal complaints, or grievances filed against Minhtrung Vo and Romeo Fontanilla . . . since January 1, 2016." (RFP Responses at 12.) USPS understood this RFP to include EEO complaints but asserted it would only provide "the formal complaint and the affidavits by management officials (including supervisors)."[4] (*Id.* at 13.) In its opposition to the Motion to Compel, USPS additionally states it will produce the "final resolution" of EEO complaints, if any. (USPS Opp. at 6.)

An RFP that the parties refer to as "RFP 20 (sic)" requested "formal and informal EEO complaints filed against USPS employee, Ken Messenger, from January 1, 2016 to present." (RFP Responses at 22.) USPS refused to provide any documents in response, citing the Privacy Act and the six-year time period involved, but professed it was "available to confer" regarding clarifying or narrowing the scope of this RFP. (*Id.*) In later correspondence with Ms. Edwards-Yu's counsel, USPS stated it had produced EEO complaints against Mr. Messenger. (Dkt. # 23-2 at 4-5.)

Regarding EEO files, Ms. Edwards-Yu contends USPS has only provided summary files known as "iComplaints." (Mot. to Compel at 4.) She seeks full investigative files, including affidavits obtained during the investigation. Ms. Edwards-Yu contends USPS has no basis to limit disclosure to management officials' affidavits, and she seeks affidavits by "victims or witnesses of harassment or discrimination themselves." (Reply at 3.)

---

[4] USPS also asserted it was only required to identify individuals by their "first and last initial." (RFP Responses at 13.) In briefing on the Motion to Compel, however, USPS provided no argument that it was entitled to withhold complete names. (*See* USPS Opp. at 7-9.)

ORDER - 6

B.     Discussion

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Ms. Edwards-Yu contends that the limited information USPS has already provided shows multiple complaints against Mr. Vo, Mr. Fontanilla, and Mr. Messenger, indicating a likely pattern or practice of discrimination and retaliation. (Mot. to Compel at 5-8; *see also* dkt. # 23-2 at 4 ("complaints against Fontanilla[,] Vo[, and] Messenger" provided in discovery).) Ms. Edwards-Yu contends such pattern and practice evidence is relevant to support her claims of discrimination and retaliation, both as indirect evidence of discriminatory intent because direct evidence is difficult to obtain, and because such evidence may bolster her credibility if USPS seeks to undermine it at trial. (Mot. to Compel at 8, 11-12.)

The Court agrees that the evidence sought is discoverable based on Ms. Edwards-Yu's claims of discrimination and retaliation. *See Morgan v. Nat'l R.R. Passenger Corp.*, 232 F.3d 1008, 1018 (9th Cir. 2000) ("[A]n employer's conduct tending to demonstrate its general hostility towards a group is both relevant and admissible" in an employment discrimination case); *Heyne v. Caruso*, 69 F.3d 1475, 1479 (9th Cir. 1995) ("[C]onduct tending to demonstrate hostility towards a certain group" is relevant to show discrimination against an employee who is a member of that group).

In response to numerous cases Ms. Edwards-Yu offers showing that information such as she seeks is generally discoverable in employment discrimination cases, USPS offers cases relating to the admissibility of evidence. USPS argues that, even if the discovery Ms. Edwards-Yu seeks would show a pattern or practice of discrimination or retaliation, she "would face significant evidentiary hurdles" to introducing the evidence at trial or in dispositive motions.

ORDER - 7

(USPS Opp. at 8.) The Court need not, however, at this stage decide the admissibility of unspecified evidence. "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Moreover, as the cases Ms. Edwards-Yu cites indicate, evidence of pattern or practice often is admissible in employment discrimination cases. *See, e.g.*, *Morgan*, 232 F.3d at 1018 ("[A]n employer's conduct tending to demonstrate its general hostility towards a group is . . . admissible" in an employment discrimination case). That determination remains to be made in this case.

USPS next argues that Ms. Edwards-Yu's requests are overly broad and not proportional to the needs of the case. (USPS Opp. at 8-9.) Once the propounding party establishes that the request seeks discoverable information, "[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Sup. Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D. Cal. 2009); *see Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (requiring defendants "to carry heavy burden of showing why discovery was denied"). Here, USPS has made no showing that producing the records would be burdensome. Thus, the Court cannot conclude that the requests are disproportionate to the needs of the case. Accordingly, the Court GRANTS Ms. Edwards-Yu's Motion to Compel.

## V.     CONCLUSION

For the foregoing reasons, the Court hereby orders:

(1)     The Motion to Seal (dkt. # 16) is GRANTED. Dkt. ## 13, 14, 19, 20 shall remain under seal.

(2) The Motion to Compel (dkt. # 19) is GRANTED. USPS is ORDERED to provide documents responsive to Ms. Edward-Yu's RFP 11, 20, and "20 (sic)" (*see* RFP Responses at 12-13, 20-22).

Dated this 3rd day of June, 2022.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge