UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LIJUNG EDWARDS-YU,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS DEJOY,<br><br>Defendant. | Case No. C21-156-RSM-MLP<br><br>ORDER DEFERRING RULING ON DEFENDANT'S MOTION FOR COSTS |

This matter comes before the Court on Defendant Louis DeJoy's Motion for Costs. Dkt. #57.

On February 8, 2021, Plaintiff Lijung Edwards-Yu, a former employee of the United States Postal Service ("USPS"), brought this action against Defendant Louis DeJoy, Postmaster General of the USPS. Dkt. #1. In her Second Amended Complaint, Plaintiff alleged causes of action under: (1) Title VII of the Civil Rights Act of 1964 for disparate treatment based on race, gender, and national origin; hostile work environment; and retaliation; (2) the Rehabilitation Act of 1973 for failure to accommodate disability and disparate treatment; and (3) the Age Discrimination and Employment Act for hostile work environment, retaliation and disparate treatment. Dkt. #44 ¶¶ 6.1–6.15. Defendant moved for summary judgment on July 11, 2022. Dkt. #27. On October 4, 2022, Magistrate Judge Michelle L. Peterson issued a Report and

ORDER - 1

Recommendation ("R&R") recommending Defendant's motion for summary judgment be granted and that Plaintiff's Second Amended Complaint and this action be dismissed. Dkt. #51. On November 8, 2022, this Court adopted Judge Peterson's R&R and this action was dismissed. Dkt. #55. Plaintiff has since appealed the R&R (Dkt. #51), the Court's Order adopting the R&R Dkt. #55), and the Court's judgment dismissing Plaintiff's complaint and this action with prejudice (Dkt. #56). Dkt. #59.

Defendant, as the prevailing party, now moves for costs associated with depositions taken in the case. Dkt. #57. He requests an award of $8,436.14. *Id*; *see also* Dkt. #57-1. Plaintiff opposes the motion, arguing that the Court should deny the motion or defer ruling until her appeal is resolved. Dkt. #61.

Federal Rule of Civil Procedure 54(d)(1) allows for costs to be awarded to the prevailing party. "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (internal citation omitted). While there is a presumption in favor of awarding costs to the prevailing party, Rule 54(d) vests in the district court discretion to do so. *Assoc. of Mexican-American Educators v. State of Cal.*, 231 F.3d 572, 591–92 (9th Cir. 2000). Plaintiff argues, and the Court agrees, that Defendant's motion for costs should be deferred pending appeal. While the Court adopted Judge Peterson's R&R recommending the Court grant Defendant's motion for summary judgment and dismiss this case with prejudice, the Ninth Circuit may reach a different conclusion. Deferring ruling on Defendant's motion for costs is in the best interest of judicial economy—should Plaintiff prevail on their appeal, Defendant's motion will be moot.

ORDER - 2

Therefore, the Court **DEFERS RULING** on Defendant's Motion for Costs, Dkt. #57, pending appeal. The parties shall submit a status report within 14 days of the resolution of the appeal.

**IT IS SO ORDERED.**

DATED this 14th day of December, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 3